IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Criminal Case No. CR-23-50-RAW |
| v. ) | |
| ) | Civil Case No. CV-25-55-RAW |
| DONDREA JAMMAL FLORIE, SR., ) | |
| ) | |
| Defendant/Petitioner. ) | |

# **ORDER**

Now before the court is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255 motion") filed on March 3, 2025, by *pro se* Defendant Dondrea Jammal Florie, Sr. [CR Doc. 48; CV Doc. 1]. The Government filed an objection to Defendant's § 2255 motion. [CR Doc. 53]. For the reasons that follow, Defendant's § 2255 motion is hereby DISMISSED.

On April 13, 2023, a grand jury returned a single-count Indictment charging Defendant with Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). [CR Doc. 2]. On May 11, 2023, Defendant pleaded guilty without a written plea agreement. [CR Doc. 23]. A presentence report ("PSR") was prepared by the United States Probation Office. Based upon a total offense level of 17 and a criminal history category of VI, the guideline imprisonment range was 51 months to 63 months. [*PSR* at ¶ 59]. Defendant appeared for sentencing on March 27, 2024. [CR Doc. 38]. He was sentenced to 51 months of imprisonment, with the sentence to run concurrently with any sentence imposed in Seminole County case numbers CF-2022-151, CF-2022-152, CF-2022-150, and CF-2022-221, and Hughes County case number CF-2022-63. Judgment was entered on April 1, 2024. [CR Doc. 39]. Defendant did not file a direct appeal.

Defendant claims "his sentence should be vacated and he should be released from prison immediately." [CR Doc. 48 at 1]. Citing *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Defendant contends that 18 U.S.C. § 922(g)(1) violates the Second Amendment. *Id*. Defendant's § 2255 motion is timely filed under 28 U.S.C. § 2255(f)(1).

The Government filed an objection to Defendant's § 2255 motion on April 18, 2025. [CR Doc. 53]. The Government notes that Defendant "failed to raise any constitutional *Bruen* challenge at trial or in an appeal." *Id.* at 3. The Government ultimately contends that "this Court may deny relief without a hearing in this matter because the allegations at [the] heart of his claim have been waived and are therefore procedurally barred and his motion should be dismissed." *Id*. The court agrees.

"A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)). "When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id.* In the case at hand, Defendant was sentenced in 2024. *Bruen* was decided in 2022. Defendant has not argued cause and prejudice to establish his failure to raise the claim before this court prior to sentencing or on direct appeal. Nor has Defendant shown that he is actually innocent. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and internal quotation marks omitted). In short, Defendant fails to show cause, actual prejudice, or a miscarriage of justice. The claim is procedurally barred.[1]

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When the district court dismisses a § 2255 motion on procedural grounds, a defendant must satisfy a two-part standard to obtain a certificate of appealability. Defendant must show "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at hand, the court concludes

---

[1] The court need not consider Defendant's claim on the merits. It is, however, worth noting that the claim is undermined by Tenth Circuit precedent. *See Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025) (concluding that *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) "remains binding," and that *McCane* "upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies.").

that Defendant cannot make the required showing that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Since the second part has not been established, there is no need to address the first part of the standard. This court hereby declines to issue a certificate of appealability.

Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [CR Doc. 48; CV Doc. 1] is hereby DISMISSED.[2] Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court hereby declines to issue a certificate of appealability.

It is so ordered this 12th day of May, 2025.

*Ronald A. White*
_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[2] The motion, files and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing was held.